UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MN Airlines, LLC, d/b/a　　　　　　　　　　　　　　Civ. No. 19-843 (PAM/SER)
Sun Country Airlines,

　　　　　　　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　**MEMORANDUM AND ORDER**

Global Aviation Services
USA, Inc., and Carmel Borg,

　　　　　　　　　　　　Defendants.

This matter is before the Court on Plaintiff's Motion to Remand and Defendants' Motion to Dismiss. For the following reasons, both Motions are denied.

**BACKGROUND**

In early 2018, Plaintiff MN Airlines, LLC d/b/a Sun Country Airlines ("Sun Country") entered into a contract for ground-handling services at MSP airport with Defendant Global Aviation Services USA, Inc. (Compl. (Docket No. 1-1) ¶ 3.) Ground-handling services include baggage handling, customer check-in, aircraft servicing, ground staff, and loading and unloading cargo. (Id. ¶ 2.) Sun Country alleges that Global knew at the time the parties signed the contract that it could not perform the services the contract required. (Id. ¶ 3.) As a result of Global's failure to perform, Sun Country experienced flight delays, lost baggage, and customer complaints. (Id. ¶ 4.) Sun Country claims breach of contract against Global, and fraud against Global and its CEO, Defendant Carmel Borg.

## DISCUSSION

### A. Motion to Remand

The Notice of Removal states that Global is a Delaware corporation and Borg is a citizen of Canada. (Notice (Docket No. 1) ¶ 6.) It does not allege the citizenship of Sun Country. As an LLC, Sun Country's citizenship is the citizenship of all of its members. OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007).

Sun Country argues that it is Defendants' burden to establish that the exercise of jurisdiction is appropriate. But Sun Country does not assert that the Court lacks diversity jurisdiction, it merely argues that Defendants have not established diversity jurisdiction. Defendants ask that the Court allow jurisdictional discovery so Defendants can determine the citizenship of the members of the LLC. At this early stage of the litigation, Defendants are entitled to discovery on this issue.

The Motion to Remand is therefore denied without prejudice. If discovery reveals that this Court lacks jurisdiction over the matter, Sun Country can revisit its Motion.

### B. Motion to Dismiss

Defendants move to dismiss only the fraud claim, contending that under Minnesota law a party cannot convert a breach-of-contract claim into a fraud claim, even when the party alleges bad-faith breach of contract. Wild v. Rarig, 234 N.W.2d 775, 790 (1975). In addition, Defendants argue that Sun Country has not adequately pled fraud, because it alleges only that Defendants misrepresented how they would perform in the future. "In order to support a fraud claim under Minnesota law, a misrepresentation must relate to a past or present fact." Northwest Airlines, Inc. v. Astraea Aviation Servs., Inc., 111 F.3d

1386, 1393 (8th Cir. 1997). While prospective misrepresentations may give rise to a claim of fraud, Sun Country must also allege that Defendants did not intend to perform at the time they made the alleged misrepresentations. Id. Defendants assert that Sun Country has not sufficiently alleged this element of its fraud claim.

But Sun Country alleges that Defendants misrepresented that they had the present capability to comply with the obligations under the parties' agreement. (Compl. ¶ 27.) Sun Country also alleges that Defendants misrepresented their plan to recruit and maintain staff to handle operations at MSP Airport. (Id. ¶¶ 32, 35-36.) And Sun Country contends that it confronted Borg regarding Global's failures and Borg admitted that Defendants negotiated the contract in bad faith. (Id. ¶ 74.) Sun Country has sufficiently alleged that Defendants did not intend to perform on the promises at the time they made those promises. Defendants' Motion is denied.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Motion to Dismiss (Docket No. 3) is **DENIED**; and
2. The Motion to Remand (Docket No. 7) is **DENIED without prejudice**.

Dated: May 30, 2019

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge

3