UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MN Airlines, LLC, d/b/a
Sun Country Airlines,

Civ. No. 19-843 (PAM/SER)

Plaintiff,

v.

**MEMORANDUM AND ORDER**

Global Aviation Services
USA, Inc., and Carmel Borg,

Defendants.

---

This matter is before the Court on Plaintiff's Motion to Dismiss Amended Counterclaims and Defendants' Motion to Amend. For the following reasons, the Motion to Dismiss is granted and the Motion to Amend is denied.

**BACKGROUND**

The full factual background is set forth in an earlier Order and will not be repeated here. (Order (Docket No. 25)). In early 2018, Plaintiff MN Airlines, LLC d/b/a Sun Country Airlines ("Sun Country") entered into a contract for ground-handling services at MSP airport with Defendant Global Aviation Services USA, Inc ("Global"). (Compl. (Docket No. 1-1) ¶ 3.) Ground-handling services include baggage handling, customer check-in, aircraft servicing, ground staff, and loading and unloading cargo. (Id. ¶ 2.) Sun Country alleges that Global failed to perform, and that failure resulted in flight delays, lost baggage, and customer complaints. (Id. ¶ 4.) Sun Country claims breach of contract against Global, and fraud against Global and its CEO, Defendant Carmel Borg.

Defendants filed three counterclaims, alleging breach of contract and defamation.

(Docket No. 27.) Sun Country filed a Motion to Dismiss the counterclaims, but rather than opposing that Motion, Defendants instead filed an Amended Answer and Counterclaims, alleging breach of contract and defamation. (Am. Answer (Docket No. 33.) Sun Country subsequently filed the instant Motion to Dismiss. (Docket No. 36.) Along with a Memorandum in Opposition, Defendants filed a Motion to Amend Counterclaims, should the Motion to Dismiss be granted. (Docket No. 41.)

## DISCUSSION

### A. Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). A claim bears facial plausibility when it allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When evaluating a motion to dismiss under Rule 12(b)(6), the Court must accept plausible factual allegations as true. Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th Cir. 2012). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to support a claim. Iqbal, 556 U.S. at 678.

At this stage, the Court assumes the allegations in the Amended Counterclaims are true and views them in the light most favorable to Global and Borg. See Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 933 n.4 (8th Cir. 2012). Sun Country asks the Court to dismiss both of Defendants' amended counterclaims for breach of contract and

defamation.

   1. **Breach of Contract**

Global alleges that Sun Country "set up [Global] to fail at the outset of the contractual relationship." (Am. Answer ¶ 122.) Sun Country contends Global has failed to plead with the requisite specificity to survive a 12(b)(6) motion. To state a breach of contract claim, Global must show that: (1) a contract was formed; (2) Global performed any conditions precedent; (3) Sun Country materially breached the contract, and (4) Global suffered damages. Parkhill v. Minn. Mut. Life Ins. Co., 174 F. Supp. 2d 951, 956 (D. Minn. 2000) (Doty, J.).

Global references an "understanding that Sun Country would pay" for a staffing company because Sun Country directed Global to hire the company. (Id. ¶ 130-31.) But an understanding is not a contract. Global does not plead the elements of a contract claim and omits any contractual language beyond referencing "section 3.1 of the agreement and its representation" that Sun Country would pay for the staffing company. (Id. ¶ 131.) Global's Opposition Memorandum adds that Sun Country breached the implied covenant of good faith and fair dealing by "unjustifiably hindering Global's performance from the outset." (Defs. Opp'n Mem. at 4.) A breach of the implied covenant of good faith and fair dealing, though, is not a breach of contract. Furthermore, Sun Country's claim lacks plausibility because had Sun Country set up Global to fail, Sun Country would have faced the backlash of customers upset with the airline. Sun Country's Motion is granted as to Counterclaim I.

## 2. Defamation

Both Defendants bring this counterclaim, alleging that Sun Country defamed Borg and Global "to the media, to relevant individuals within the airline industry," and even in this lawsuit regarding Global's "work at the MSP airport." (Am. Answer ¶ 139.) But, Global and Borg claim that they are "not yet aware of what specific individuals made each of the false statements, though some statements in the media were attributed to Sun Country's CEO and Marketing Officer." (Id. ¶ 143.)

"[A] claim for defamation must be pled with a certain degree of specificity," including who made the statements, to whom, and where. Schibursky v. Int'l Bus. Mach. Corp., 820 F. Supp. 1169, 1181 (D. Minn. 1993) (Doty, J.) (citing Pinto v. Internationale Set, Inc., 650 F. Supp. 306, 309 (D. Minn. 1986) (Murphy, J.)). Although a claimant need not "recite the exact language spoken," he or she "must identify which defendants made false and defamatory statements." Id. (citations omitted). Federal courts require this pleading standard to alert defendants to the scope of a defamation allegation and to determine whether or not the statement was privileged. Walker v. Wanner Eng'g, Inc., 867 F. Supp. 2d 1050, 1056 (D. Minn. 2012) (Montgomery, J.) (citations omitted).

Despite reciting some elements of a defamation claim, Defendants' allegations omit two key elements: who made the statements and what they said. (Am. Answer ¶¶ 144-48.) Although Defendants claim that statements were made in the "media," they do not describe the statements beyond that they involved work at the MSP airport. Similarly, Defendants do not explain why the alleged statements were false. The defamation counterclaim falls flat, because Defendants have not pled with requisite specificity to show that their claim is

plausible. Plaintiff's Motion is granted as to Counterclaim II.

**B.      Motion for Leave to Amend**

Borg and Global alternatively filed a Motion to Amend (Docket No. 41), asking permission to amend their counterclaims in the event the Motion to Dismiss is granted. Because Sun Country opposes the Motion, Defendants can only amend with the Court's leave. Fed. R. Civ. P. 15(a). Federal Rule of Civil Procedure 15(a)(2) dictates that a court should "freely give leave when justice so requires," but "[t]here is no absolute right to amend." Becker v. Univ. of Neb. at Omaha, 191 F.3d 904, 907-08 (8th Cir. 1999). The Court may deny leave to amend "based upon a finding of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the non-moving party, or futility." Baptist Health v. Smith, 477 F.3d 540, 544 (8th Cir. 2007). "[I]n determining whether to permit an amendment under Fed. R. Civ. P. 15(b), the district court has broad discretion and will not be reversed except upon a showing of abuse." Brown v. Cooper Clinic, P.A., 734 F.2d 1298, 1301 (8th Cir. 1984) (quotation omitted).

Borg and Global previously filed Amended Counterclaims, which did not cure the pleading deficiencies. (Docket No. 33.) But Defendants do not explain "how the proposed amended pleading differs from the operative pleading." D. Minn. L.R. 15.1(b). The Motion did not comply with the Local Rule requiring that a "motion to amend a pleading must be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the amended pleading that shows—through redlining, underlining, strikeouts, or other similarly effective typographic methods—how the proposed amended pleading differs

5

from the operative pleading." Id.; see In re 2007 Novastar Fin. Inc., Sec. Litig., 579 F.3d 878, 884 (8th Cir. 2009) (denying leave to amend for failure to submit a proposed amendment).

Allowing Defendants to file a second Amended Answer would be futile because they have not shown that their claims "raise a right to relief above the speculative level" or "raise a reasonable expectation that discovery will reveal evidence of [the claim]." Birchwood Labs. v. Battenfield Tech., Inc., 762 F. Supp. 2d 1152, 1156 (D. Minn. 2011) (Keyes, J.) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Therefore, the Motion to Amend is denied.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion to Dismiss (Docket No. 36) is **GRANTED**; and

2. Defendants' Motion to Amend (Docket No. 41) is **DENIED**.

Dated: October 17, 2019

*s/ Paul A. Magnuson*
PAUL A. MAGNUSON
United States District Court Judge